1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SUSAN SCHOFIELD,

         Plaintiff,

   v.

COUNTY OF LOS ANGELES, et al.,

         Defendants.

Case No. CV 22-4332-JGB (AS)

**REPORT AND RECOMMENDATION OF**

**UNITED STATES MAGISTRATE JUDGE**

    This Report and Recommendation is submitted to the Honorable Jesus G. Bernal, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**INTRODUCTION**

    On June 23, 2022, Susan Schofield ("Plaintiff"), proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against the following individuals: (1) the County of Los Angeles; (2) Judy Thomas; (3) Karen La; (4) Sandra Chavez; (5) Wendy Contreras; (6) Juliet Macias; (7) Linda Flores; (8) Arnesha Allen; (9) Bernadette Henley; (10) Laura Menke; and (11) Veronica

Betancourt-Parez.  (Dkt. No. 1).  On August 5, 2022, Defendant Menke filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of jurisdiction, for untimeliness, and because Plaintiff has failed to state a claim upon which relief can be granted.[1]  ("Motion," Dkt. No. 39).  On August 16, 2022, Plaintiff filed an Opposition to the Motion.  ("Opposition," Dkt. No. 43).  Defendant Menke filed a Reply on August 25, 2022.  ("Reply," Dkt. No. 45).

For the reasons stated below, it is recommended that Defendant Menke's Motion be GRANTED and the Complaint be dismissed with prejudice as to Defendant Menke.

**PLAINTIFF'S ALLEGATIONS**

In her Complaint, Plaintiff alleges, generally, that her minor children were wrongfully removed from her custody by the Los Angeles County Department of Children and Family Services.  (Compliant at 8-45).  As to Defendant Menke, specifically, Plaintiff alleges, without identifying Defendant Menke's title or

---

[1]   In connection with her Motion, Defendant Menke submitted a Request for Judicial Notice (Dkt. No. 39-3), which should be granted because it requests judicial notice of judicial documents from Plaintiff's juvenile dependency proceedings, which are relevant and appropriate for judicial notice. See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).  Plaintiff does not object to granting Defendant Menke's request for judicial notice and, in her Opposition, relies on the exhibits of which Defendant Menke has requested the Court take judicial notice.

role in the alleged wrongful action, only that Defendant Menke is believed by Plaintiff to be a resident of the County of Los Angeles (Complaint at 6); that Defendant Menke "knowingly, intentionally, and voluntarily collaborated with the remaining defendants in effectuating their unlawful scheme/plan to keep plaintiff's children from her care, custody, and control for as long as possible" (Complaint at 33); and that Defendant Menke's actions were "undertaken in direct breach of her fiduciary duties to her client, plaintiff" (Complaint at 33).

In the Motion, Defendant Menke identifies herself as "the Court-appointed attorney for Plaintiff . . . in an underlying Los Angeles County Juvenile Dependency Court case." (Motion at 2). According to Defendant Menke, she "represented [Plaintiff] in the initial adjudication hearing, which was decided in August 2019 and preceded the later disposition hearing wherein [Plaintiff] was represented by other counsel." (Motion at 2). In her Opposition, Plaintiff agrees that Defendant Menke was counsel who was appointed in 2019 to represent Plaintiff at her adjudication hearing and that the decision at that hearing "marked the end of [Defendant] Menke's representation of [Plaintiff] who was thereafter represented by a different attorney." (Opposition at 6).

Based on these allegations, Plaintiff contends Defendant Menke violated her constitutional rights to substantive due process to be free from the use of deception in judicial proceedings, and to familial association and/or privacy under the Fourteenth Amendment. (Complaint at 30, 32-34). To remedy the purported violations,

3

1   Plaintiff seeks injunctive and declaratory relief, "corrective
2   action," and "a reasonable process to correct the resulting
3   damages," in addition to monetary damages and costs. (Complaint
4   at 42-45).

5

6                          **STANDARD OF REVIEW**

7

8        Under Rule 12(b)(6), a party may move to dismiss a pleading
9   for "failure to state a claim upon which relief can be granted."
10  Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for
11  failure to state a claim should be granted if the plaintiff fails
12  to proffer "enough facts to state a claim to relief that is
13  plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,
14  570 (2007). "A claim has facial plausibility when the plaintiff
15  pleads factual content that allows the court to draw the reasonable
16  inference that the defendant is liable for the misconduct alleged."
17  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the plaintiff
18  must provide "more than labels and conclusions, and a formulaic
19  recitation of the elements of a cause of action will not do,"
20  Twombly, 550 U.S. at 555, "[s]pecific facts are not necessary; the
21  [complaint] need only give the defendant[s] fair notice of what
22  the . . . claim is and the grounds upon which it rests." Erickson
23  v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and
24  internal quotation marks omitted).

25

26       "When ruling on a motion to dismiss, [the court] may generally
27  consider only allegations contained in the pleadings, exhibits
28  attached to the complaint, and matters properly subject to judicial

notice." Colony Cove Props., LLC v. City of Carson, 640 F.3d 948, 955 (9th Cir. 2011) (citations, footnote, and internal quotation marks omitted). The court must accept the complaint's allegations as true, Twombly, 550 U.S. at 555-56, construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Yet, the court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2006). Likewise, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94; see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

1

**DISCUSSION**

2

3      In the Motion, Defendant Menke argues, among other things,
4  that the Complaint is untimely.  (Motion at 8-9).  For the reasons
5  stated below, the Motion should be granted and the Complaint
6  dismissed with prejudice as to Defendant Menke.

7

8  **A.   Plaintiff's Federal Constitutional Claim Against Defendant**
9         **Menke is Time-Barred**

10

11      Because the Civil Rights Act contains no statute of
12  limitations, "the federal courts [ ] apply the applicable period
13  of limitations under state law for the jurisdiction in which the
14  claim arose." <u>Rose v. Rinaldi</u>, 654 F.2d 546, 547 (9th Cir. 1981).
15  The Ninth Circuit has held that, "[f]or actions under 42 U.S.C. §
16  1983, courts apply the forum state's statute of limitations for
17  personal injury actions . . . ." <u>Jones v. Blanas</u>, 393 F.3d 918,
18  927 (9th Cir. 2004).  Thus, a two-year statute of limitations
19  applies here. <u>See</u> Cal. Civ. Proc. Code § 335.1.

20

21      Federal law, however, determines when a civil rights claim
22  accrues. <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999).
23  A claim accrues when the plaintiff knows or has reason to know of
24  the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84
25  F.3d 1121, 1128 (9th Cir. 1996); <u>see also</u> <u>Knox v. Davis</u>, 260 F.3d
26  1009, 1013 (9th Cir. 2001) (quoting <u>TwoRivers</u>, 174 F.3d at 992).

27

28

1    Plaintiff's claim against Defendant Menke arises from

2    Defendant Menke's representation of Plaintiff before and at the

3    initial adjudication hearing.  Defendant Menke's representation of

4    Plaintiff began on March 13, 2019 (Defendant Menke's Request for

5    Judicial Notice Exh. A) and, as Plaintiff concedes, Defendant

6    Menke's representation of Plaintiff ended when the initial

7    adjudication decision was rendered on August 5, 2019.  (Defendant

8    Menke's Request for Judicial Notice Exhs. D-E; Opposition at 6).

9    By August 27, 2019, Plaintiff was represented by new counsel.

10   (Defendant Menke's Request for Judicial Notice Exh. F).  Plaintiff

11   does not allege that she did not know, or did not have reason to

12   know, of Defendant Menke's actionable conduct until sometime after

13   Defendant Menke stopped representing Plaintiff and new counsel

14   appeared on Plaintiff's behalf.  Accordingly, Plaintiff's claim

15   against Defendant Menke accrued no later than August 27, 2019, when

16   Defendant Menke was replaced as Plaintiff's counsel.  Plaintiff

17   did not file this action until June 23, 2022, nearly one year after

18   the expiration of the two-year limitations period for filing an

19   action against Defendant Menke pursuant to 42 U.S.C. § 1983 and

20   California Code of Civil Procedure § 335.1.

21

22   In addition, Plaintiff has not alleged, let alone established,

23   an entitlement to equitable tolling of the statute of limitations.

24   See Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993)

25   ("The burden of alleging facts which would give rise to tolling

26   falls upon the plaintiff.").  "As with the limitations period

27   itself, we borrow our rules for equitable tolling of the period

28

1   from the forum state, California." <u>Cervantes v. City of San Diego</u>,

2   5 F.3d 1273, 1275 (9th Cir. 1993).

3

4       Although "[a] plaintiff's pursuit of a remedy in another forum

5   equitably tolls the limitations period if the plaintiff's actions

6   satisfy [certain] factors" <u>Cervantes</u>, 5 F.3d at 1276, here,

7   Plaintiff has not alleged that she ever has sought a remedy against

8   Defendant Menke in another forum for the acts alleged in the

9   Complaint.  Accordingly, Plaintiff has not alleged an entitlement

10  to equitable tolling under <u>Cervantes</u>.  See <u>Square 1 Bank v. Lo</u>,

11  2014 WL 4181907, at *7 (N.D. Cal. Aug. 22, 2014) ("The test in

12  <u>Cervantes</u> is applicable where a plaintiff has previously filed a

13  claim against the same defendants, which is not the case here.").

14

15      Moreover, under California law, "[i]f a person entitled to

16  bring an action . . . is, at the time the cause of action accrued

17  . . . lacking the legal capacity to make decisions, the time of

18  the disability is not part of the time limited for the commencement

19  of the action."  Cal. Civ. Proc. Code § 352(a).  Although the

20  record before the Court suggests Plaintiff suffers from bipolar

21  disorder (<u>see</u>, <u>e.g.</u>, Complaint at 20, 24), Plaintiff does not

22  allege, and the record does not contain any facts to support a

23  finding that, Plaintiff lacked the legal capacity to make decisions

24  at any time from the date her claim against Defendant Menke accrued

25  to the time the two-year statute of limitations expired.

26

27      Ultimately, Plaintiff has not alleged she is entitled to

28  equitable tolling, let alone presented facts sufficient to

establish an entitlement to such tolling.  Under such a scenario, it is appropriate to dismiss Plaintiff's claims against Defendant Menke as untimely.  See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (court will grant a motion to dismiss based on the statute of limitations defense only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.") (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)); see also Serrato v. Cnty. of Los Angeles, 2016 WL 3982330 (C.D. Cal. Apr. 11, 2016), (recommending motion to dismiss be granted and complaint dismissed as untimely where "Plaintiff has not argued or shown that equitable tolling applies"); Finch v. Whitehead, 2019 WL 5902443, at *4-*6 (W.D. Wash. Oct. 10, 2019) (recognizing that that "because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion'" but recommending complaint be dismissed with prejudice as barred by statute of limitations at motion to dismiss stage where plaintiff had not pleaded any facts entitling him to equitable tolling) (quoting Supermail Cargo, Inc., 68 F.3d at 1206).

Accordingly, Plaintiff's federal constitutional claim against Defendant Menke is time-barred and should be dismissed without leave to amend.

**B.** **Plaintiff's Potential State-Law Legal Malpractice Claim Against Defendant Menke is Time-Barred**

Similarly, to the extent Plaintiff intended to raise a state-law legal malpractice claim against Defendant Menke, the potential claim also is time-barred.

California Code of Civil Procedure § 340.6(a) sets forth the statute of limitations for legal malpractice actions under California law: "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.... [T]he time for commencement of legal action shall not exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury. [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred...."

Between the time of the initial adjudication hearing on August 5, 2019 and the date on which Plaintiff began to be represented by different counsel on August 27, 2019, Plaintiff knew, or through the use of reasonable diligence should have known, of Defendant Menke's actionable conduct.  (See Defendant Menke's Request for

Judicial Notice Exhs. A-B, D-F).   In fact, Plaintiff does not allege otherwise.   Moreover, at that time, Plaintiff had sustained actual injury, in the form of the removal of her children from her custody.   (Complaint at 8, 18-19; Opposition at 6).   Finally, by August 27, 2019 Defendant Menke had ceased to represent Plaintiff. (Defendant Menke's Request for Judicial Notice Exh. F).

Accordingly, pursuant to California Code of Civil Procedure § 340.6(a), at the latest, Plaintiff had one year from August 27, 2019 to file a legal malpractice claim against Defendant Menke. Because Plaintiff did not file the instant action until June 23, 2022, and, as explained above with respect to her federal constitutional claim against Defendant Menke, has failed to allege entitlement to equitable tolling, her state-law legal malpractice claim against Defendant Menke is time-barred and should be dismissed without leave to amend.

**RECOMMENDATION**

Consistent with the foregoing, IT IS RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) GRANTING Defendant Menke's Request for Judicial Notice (Dkt. No. 39-3); and (3) GRANTING Defendant

\\

\\

11

1    Menke's Motion (Dkt. No. 39) and dismissing Plaintiff's Complaint

2    with prejudice with respect to Defendant Menke.

3

4    Dated: September 14, 2022

                                         /s/
5                                _____
                                       ALKA SAGAR
6                            UNITED STATES MAGISTRATE JUDGE

7

8                               **NOTICE**

9

10        Reports and Recommendations are not appealable to the Court

11   of Appeals, but may be subject to the right of any party to file

12   Objections as provided in Local Civil Rule 72 and review by the

13   District Judge whose initials appear in the docket number.   No

14   Notice of Appeal pursuant to the Federal Rules of Appellate

15   Procedure should be filed until entry of the Judgment of the

16   District Court.

17

18

19

20

21

22

23

24

25

26

27

28