SUSAN SCHOFIELD

25001 Magic Mountain Pkwy. #620

Valencia, CA. 91355

(661) 857-2120

**PLAINTIFF IN PRO PER**



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SCHOFIELD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LOS ANGELES, et al. <br><br> Defendants. | Case No: 2:22-cv-04332-JGB (AS) <br><br> **PLAINTIFF'S CASE MANAGEMENT REPORT** <br><br> Complaint Filed: June 23, 2022 <br> Current response date: Oct. 24, 2022 <br> New response date: Oct. 24, 2022 |

TO THE HONORABLE COURT:

    Pursuant to the Court's order of August 22, 2022, Plaintiff Susan Schofield ("Plaintiff") hereby submits her Case Management Report and other matters specified in the Court's order.

**A. A brief description of the factual and legal issues raised in this case.**

    This case is basically a civil rights matter under the 1st and 14th

Amendments that involves claims of constitutional violations of the family members' rights of familial association and retaliation by Los Angeles County social workers and Plaintiff's *first* court-appointed lawyer relating to judicial deception and violation of other constitutional rights in securing a court order resulting in the removal of minors and medical examinations of minors without notice to or consent of Plaintiff.

### 1. SUBJECT MATTER JURISDICTION.

The Court has subject matter jurisdiction based on Plaintiff's claim under 42 U.S.C. section 1983.

### 2. LEGAL ISSUES.

(a) Whether Defendants violated 42 U.S.C. section 1983 by interfering with the family relationship of Plaintiff, and by deceptively presenting fabricated evidence in order to force the removal of J.S. and B.S. from Plaintiff.

(b) Whether Defendants violated 42 U.S.C. section 1983 by retaliating against Plaintiff for questioning and/or protesting government action.

**B. A statement of the parties' discovery plans, including the completion of discovery to date, anticipated discovery to be conducted before the cut-off date, and any disputes / motions likely to be presented to the Court.**

### 1. WRITTEN DISCOVERY SOUGHT; DATES DUE.

No such written discovery has gone out due to this waiting for the Superior Court to act on the Plaintiffs' W&IC 827 submitted September 12th, 2022.

Susan Schofield v. County of Los Angeles, et al.   PG. 2   Case No: 2:22-cv-04332-JGB (AS)

PLAINTIFF'S CASE MANAGEMENT REPORT

### 2. DISCOVERY SUBJECTS

Plaintiff will conduct discovery relating to the removal of minors J.S. and B.S. from their mother's custody, including the basis for removal and any related investigations. Plaintiff will also conduct discovery on all retaliation against Plaintiff that caused the removal.

### 3. PROPOSED TIMING OF DISCLOSURES; EXPERTS

Premature, however Plaintiff has no objection to exchanging initial Rule 26 disclosures 14 days after Scheduling Conference. Plaintiff will make initial disclosures at such time as the Court may set, if that 14 days post the Scheduling Conference appears unnecessary or will simply cause the duplication of effort without the juvenile case file available for use in this matter.

### 4. CHANGES TO DISCOVERY

Plaintiff does not anticipate requiring any changes to discovery rules or any issues with disclosure or preservation of evidence.

**C. A description of any motions that the parties anticipate filing. If the defense does not intend to file a case dispositive motion, this information will be included.**

Plaintiff anticipates filing a Motion for Summary Adjudication on issues of liability for retaliation, medical examinations, and removal of the children.

Plaintiff intends to bring a motion for partial summary judgment or

Susan Schofield v. County of Los Angeles, et al.   PG. 3   Case No: 2:22-cv-04332-JGB (AS)

PLAINTIFF'S CASE MANAGEMENT REPORT

adjudication of any of Defendants' affirmative defenses which ultimately are unsupported by the evidence obtained during discovery.

### 1.  DECLARATORY & INJUNCTIVE RELIEF

Declaratory & Injunctive Relief as further elaborated under Plaintiff's Seventh Cause of Action.

### 2.  PROTECTIVE ORDER

Since this case involves the conduct of social workers, it is anticipated that protective orders will be requested in connection with their individual records as well as records maintained by their employers.

**D. The number of witnesses anticipated to testify at trial, and the nature of any expert witness testimony.**

Plaintiff anticipates the calling of the following witnesses, among others: (1) Plaintiff; (2) the various social workers that participated in this action; (3) all attorneys that represented Plaintiff in the juvenile case; (4) Plaintiff's ex-husband (Michael Schofield); (5) Plaintiff's husband (Cory Cabana); (6) any witnesses in this legal action; (7) all treating physicians of the children; (8) an expert witness on the evaluation of Plaintiff's mental health determinations; (9) Los Angeles County officials familiar with the County of Los Angeles Department of Children and Family Services policy and practices; and (10) other parents who have suffered similar removals of child(ren) as a result of judicial deception through a protective custody warrant. The specific identity of these witnesses (and potentially the need for further witnesses) may be revealed via additional discovery.

E. The parties' time estimate for trial, and whether the matter will be a jury or bench trial.

Plaintiff included a Demand for Jury Trial in her Complaint filed June 23, 2022.

### 1. PROPOSED PRE-TRIAL CONFERENCE DATE.

Unable to propose such a date under the circumstances.

F. An explanation of the likelihood of settlement, and a statement of anticipated settlement or mediation methods to be used before trial.

### 1. MEDIATION METHODS

Plaintiff is agreeable to either a Panel mediator or magistrate. As to timing, it should occur after the parties have access to the juvenile case files.

### 2. SETTLEMENT PROSPECTS

Plaintiff submits settlement discussions would be premature at any time prior to release of the juvenile case file for use in this litigation, and, until depositions of the named individual Defendants have occurred. Plaintiff will accept any decision of the Court to the contrary, but believes even a discussion of the topic is premature at this point.

G. Any other information that the parties deem important to bring to the Court's attention.

### 1. RELATED CASE

Plaintiff's daughter, J.S., filed a civil rights suit against similar defendants on August 7, 2022 (Case No. 2:22-cv-05590-JGB (AS)). However, J.S.'s lawsuit emphasizes the severe mental and physical trauma she suffered while under the care, custody, and control of said Defendants.

## 2. IMMINENT RISK

B.S. is still under the care, custody, and control of the Los Angeles County Department of Children and Family Services and is ongoing and likely to continue suffering detrimental danger of child abuse and neglect while remaining under their care, custody, and control.

SUSAN SCHOFIELD

PRO SE LITIGANT

DATED: OCTOBER 24, 2022

*[signature]*

SUSAN SCHOFIELD

PRO SE LITIGANT

Susan Schofield v. County of Los Angeles, et al.   PG. 6   Case No: 2:22-cv-04332-JGB (AS)

PLAINTIFF'S CASE MANAGEMENT REPORT