Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
200 N. Westlake Blvd., Ste 204
Westlake Village, CA 91362
(818) 400-4812

Attorneys for Defendants, COUNTY OF LOS ANGELES;
KAREN LA; SANDRA CHAVEZ;
WENDY CONTRERAS; JULIET MACIAS;
LINDA FLORES; VERONICA BETANCOURT-PEREZ;
ARNESHA ALLEN; BERNADETTE HENLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SCHOFIELD, an individual, | Case No.: 2:22-CV-04332-JGB (AS) |
| Plaintiffs, | CASE MANAGEMENT REPORT BY COUNTY DEFENDANTS |
| vs. | |
| COUNTY OF LOS ANGELES, et al. | |
| Defendants. | |

COMES NOW, Defendants, COUNTY OF LOS ANGELES, and its

employee social workers, KAREN LA, SANDRA CHAVEZ, WENDY

CONTRERAS, JULIET MACIAS, LINDA FLORES, VERONICA

BETANCOURT-PEREZ, ARNESHA ALLEN, and BERNADETTE HENLEY,

(hereinafter "County Defendants") submits the following case management report.

Case Management Report

- 1

## A. DESCRIPTION OF FACTUAL AND LEGAL ISSUES.

Plaintiff Susan Schofield is the sole plaintiff in this case alleging Civil Rights Violations (42 USC §1983 & Monell), Civil Code §52.1 and Declaratory Relief, arising out of a suspected child abuse investigation resulting in the filing of a dependency action and the removal of plaintiff's minor children J.S. and B.S. Plaintiff alleges the children were removed on March 8, 2019, and alleges they have "serious, complex and confounding mental developmental and behavioral problems" in her complaint.  The dependency case is ongoing.   Plaintiff alleges she filed a Government Tort Claim but the County has no record of it.  Plaintiff seeks general and special damages, punitive damages, "corrective action", and injunctive relief.

The legal issues pertain to the propriety of the removal of plaintiff's children and whether the County defendants violated plaintiff's civil rights and were deliberately indifferent. Plaintiff also has a Monell in which she must prove that the County's policies and procedures were the driving force behind any alleged constitutional violations. The County defendants have filed an Answer asserting denials of the allegations as well as qualified immunity on behalf of the individually named defendants.  There is also the question of whether this Honorable Court should abstain while the dependency action is pending.

## B. DISCOVERY PLAN

The parties must file a WIC 827 petition with the Juvenile Court to obtain key juvenile court / DCFS records. A Petition under Welfare & Institutions Code Section 287 is needed for access / use of dependency court & DCFS records in this lawsuit.

Concurrent with the filing of this report, County Defendants will be filing with the Juvenile Court, a Petition for Disclosure pursuant to California Welfare & Institutions Code, Section 827, to obtain and utilize the Department of Children & Family Services (DCFS) records regarding the subject child abuse investigations and dependency case files, out of which this lawsuit arises.

The Juvenile Court is the gatekeeper for the protection and utilization of juvenile case file materials outside of the dependency court system, including files of the DCFS. Until the Juvenile Court releases these documents, the parties are limited in terms of discovery, because most, if not all, of the issues in this lawsuit pertain to the actions of the DCFS and the allegations of misconduct against the social workers while conducting their dependency investigations.

Current 827 Petition Procedure: Once the petition is filed, the dependency court requests the documents from the Department of Children & Family Services. Once that court reviews the petition and the documents, certain records may be redacted per orders by the dependency court. These records would include

suspected child abuse reports, investigative materials, case activity logs, and court documents.

Upon receipt of the order from the dependency court and the release of these documents, the defense will prepare a protective order to limit use of the documents within the confines of this lawsuit. Afterwards, both sides may exchange documents, and conduct written and oral discovery in this regard. The petition process is estimated to take approximately six months from the time of the filing of the petition.

Due to the need for the petition process to be completed, the parties cannot begin discovery in earnest until the order and records are obtained from the juvenile court.

Once discovery commences, the County Defendants will depose the plaintiff and all necessary witnesses, and seek pertinent school and medical records of the children, and any other records identified by plaintiff in response to written discovery.

Defendants have provided the plaintiff with the last known address of social worker Judy Thomas.  The defense has endeavored to locate Ms. Thomas as well. If the defense locates her, we will request she allow us to accept service on her behalf.  We have communicated this to the plaintiff.

## C. **ANTICIPATED MOTIONS.**

The County defendants anticipate making a motion for summary judgment based on the merits as well as qualified immunity on behalf of the County and all employees sued in this matter.

Case Management Report

- 4

**D. ANTICIPATED WITNESSES**

Anticipated witnesses include all parties to this action, as well as Mrs. Schofield's ex husband and current husband, her children, treating clinicians and physicians, and other witnesses to be identified in discovery.

**E. TRIAL ESTIMATE**

County Defendants anticipate a lengthy trial if they are unsuccessful in their motion for summary judgment, simply due to the number of defendants named in the matter and the complexities of the dependency case.  Currently we estimate this to be 10 to 14 days.

**F. SETTLEMENT POTENTIAL**

This is unknown at present.  Defendants believe they will prevail in a summary judgment motion.  However, any demands for settlement made by plaintiff will be communicated to the County.

**G. OTHER INFORMATION.**

As noted herein, the underlying dependency court records are statutorily protected from disclosure and the parties must petition the dependency court for said records, in order to have them released for use in this case.  That process can take approximately six months.

DATED:  October 25, 2022        MONROY, AVERBUCK & GYSLER


                       _Jennifer E. Gysler_____.
                       JON F. MONROY
                       JENNIFER E. GYSLER
                       Attorneys for County Defendants
                       BERNADETTE HENLEY

**PROOF OF SERVICE**
**STATE OF CALIFORNIA – COUNTY OF LOS ANGELES**
**CCP 1013(A)**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 200 Lindero Canyon Road, Suite 204, Westlake Village, CA 91362.

On October 25, 2022, I caused to be served the foregoing document described as on the interested parties in this action as follows:

CASE MANAGEMENT REPORT BY COUNTY DEFENDANTS

[ ] **By telecopier:**  By transmitting an accurate copy via telecopy to the person and telephone number as follows:

[ x ] by placing [   ] the original  [   ] a true copy thereof enclosed in sealed envelopes addressed as follows:

Susan Schofield
25001 Magic Mountain Pkwy, #620
Valencia, CA 91355

Nemecek & Cole per ECF System
[X] per ECF System
[ X ] **BY MAIL:**
[   ]   I deposited such envelope in the mail at Westlake Village, California.  The envelope was mailed with postage thereon fully prepaid.
[ X ] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Westlake Village, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
 [   ] **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand, to addressee or offices of addressee.
[X]   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ]   **(FEDERAL)**      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
**Executed on October 25, 2022, at Westlake Village, California.**

Jennifer Gysler            _Jennifer Gysler_____.

Case Management Report

- 6