**SUSAN SCHOFIELD**

25001 Magic Mountain Pkwy. #620

Valencia, CA. 91355

(661) 857-2120

**PLAINTIFF IN PRO PER**



FILED
CLERK, U.S. DISTRICT COURT

NOV - 8 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SUSAN SCHOFIELD, an individual, | Case No: 2:22-cv-04332-JGB (AS) |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF MOTION TO RECONSIDER THE GRANTING OF** Defendant Menke's Motion (Dkt. No. 39) and dismissing Plaintiff's Complaint with prejudice with respect to Defendant Menke |
| COUNTY OF LOS ANGELES, et al. | |
| Defendants. | |
|  | **HEARING DATE:** |
|  | **HEARING TIME:** |
|  | **JUDGE:** Hon. Alka Sagar |
|  | **PLACE:** Courtroom 540 |

Susan Schofield v. County of Los Angeles, et al.   PG. 1          Case No: 2:22-cv-04332-JGB (AS)

**NOTICE OF MOTION AND MOTION TO RECONSIDER**

1  **TO THE HONORABLE COURT**

2

3       **PLEASE TAKE NOTICE** that on _____, at _____,

4  or as soon thereafter as this matter may be heard in the above-entitled

5  Court located at Roybal Federal Building and United States Courthouse,

6  255 E. Temple St., Los Angeles, CA, 90012, Susan Schofield, the Plaintiff in

7  this case will move this court to reconsider the granting of Defendant

8  Menke's Motion (Dkt. No. 39) and dismissing Plaintiff's Complaint with

9  prejudice with respect to Defendant Menke. (Docket Nos. 46-47).

10

11       This motion is based on the following documents: (1) Notice of

12  Errata; (2) Memorandum of Points and Authorities; (3) Declaration; (4)

13  Proposed Order; and (5) the complete files and records in this action.

14

15       This motion is not made following the conference of counsel

16  pursuant to L.R.7-3 because Plaintiff is proceeding pro se, the parties do

17  not need to comply with the following Local Rules: Rules 7-3, 7-14, and 7-15

18  (regarding motions and pre-filing conference).

19

20

21                            **SUSAN SCHOFIELD**

22                                  PRO SE LITIGANT

23

24

25  **DATED**: NOVEMBER 7, 2022

26                            **SUSAN SCHOFIELD**

27                            PRO SE LITIGANT

28

Susan Schofield v. County of Los Angeles, et al.   PG. 2   Case No: 2:22-cv-04332-JGB (AS)

**NOTICE OF MOTION AND MOTION TO RECONSIDER**

1  **SUSAN SCHOFIELD**

2  25001 Magic Mountain Pkwy. #620

3  Valencia, CA. 91355

4  (661) 857-2120

5  PLAINTIFF IN PRO PER

6

7  # UNITED STATES DISTRICT COURT

8  # CENTRAL DISTRICT OF CALIFORNIA

9

10

11  SUSAN SCHOFIELD, an individual,   Case No: 2:22-cv-04332-JGB (AS)

12          Plaintiff,

13                                    **MEMORANDUM OF POINTS AND**

14      v.                            **AUTHORITIES IN SUPPORT OF**

15  COUNTY OF LOS ANGELES, et al.     **MOTION TO RECONSIDER AND**

16      Defendants.                   **OBJECTION  TO ORDER**

17                                    **GRANTING OF** Defendant

18                                    Menke's Motion (Dkt. No. 39) and

19                                    dismissing Plaintiff's Complaint

20                                    with prejudice with respect to

21                                    Defendant Menke

22

23

24                                    **HEARING DATE:**

25                                    **HEARING TIME:**

26                                    **JUDGE:** Hon. Alka Sagar

27                                    **PLACE:** Courtroom 540

28

Susan Schofield  v. County of Los Angeles, et al.   PG. 1        Case No: 2:22-cv-04332-JGB (AS)

MEMORANDUM OF POINTS AND AUTHORITIES

## » INTRODUCTION

1.    Before the court is Susan Schofield ("Plaintiff") and Plaintiff's Objection to the Court's Order to GRANT Defendant Menke's Motion (Docket No. 39) and dismissing Plaintiff's Complaint with prejudice with respect to Defendant Menke. (Docket Nos. 46-47). On September 14, 2022, the Court granted Defendant Menke's Motion to Dismiss on the basis of: (1) Plaintiff's federal constitutional claim against Defendant Menke is time-barred; and (2) Plaintiff's potential state-law legal malpractice claim against Defendant Menke is time-barred.

2.    The attached Notice of Errata includes Plaintiff's statement showing that she did not know that new factual allegations could be included in an Opposition to a Motion to Dismiss and believed that the necessary allegations that would prevent a dismissal on the basis of a time bar could have been cured through an amended Complaint. For purposes of curing the time bar, Plaintiff also attaches her Exhibit A as to allegations directed to Defendant Menke.

3.    Plaintiff respectfully asks the court to accept her apology for misunderstanding the process of an Opposition to a Motion to Dismiss as a *pro se* litigant with limited knowledge of practice in procedures as further described in the attached Notice of Errata; and further asks this Court to reconsider the Granting of Defendant Menke's Motion to Dismiss.

## » BACKGROUND

4.    On June 23, 2022, Plaintiff, proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against the following individuals: (1) the County of Los Angeles; (2) Judy Thomas; (3) Karen La; (4) Sandra Chavez; (5) Wendy Contreras; (6) Juliet Macias; (7) Linda Flores; (8) Arnesha Allen; (9) Bernadette Henley; (10) Laura Menke; and (11) Veronica

Susan Schofield v. County of Los Angeles, et al.    PG. 2                Case No: 2:22-cv-04332-JGB (AS)

**MEMORANDUM OF POINTS AND AUTHORITIES**

1 | Betancourt-Parez. (Docket No. 1).

2 | 5.   On August 5, 2022, Defendant Menke filed a Motion to Dismiss the

3 | Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of

4 | jurisdiction, for untimeliness, and because Plaintiff has failed to state a

5 | claim upon which relief can be granted. ("Motion," Docket No. 39).

6 | 6.   On August 16, 2022, Plaintiff filed an Opposition to the Motion.

7 | ("Opposition," Docket No. 43).

8 | 7.   Defendant Menke filed a Reply on August 25, 2022. ("Reply," Docket

9 | No. 45).

10 | 8.   On September 14, 2022, the Court granted Defendant Menke's

11 | Motion to Dismiss, recommending that the District Court issue an Order:

12 | (1) approving and accepting this Report and Recommendation; (2)

13 | GRANTING Defendant Menke's Request for Judicial Notice (Docket No. 39-

14 | 3); and (3) GRANTING Defendant Menke's Motion (Docket No. 39) and

15 | dismissing Plaintiff's Complaint with prejudice with respect to Defendant

16 | Menke. ("Recommendations" Docket. No. 47)

17 | 9.   Plaintiff seeks a Motion to reconsider the third point of the

18 | Recommendations, "GRANTING Defendant Menke's Motion (Docket No.

19 | 39) and dismissing Plaintiff's Complaint with prejudice with respect to

20 | Defendant Menke."

21 |

22 | » **LEGAL STANDARD**

23 | 10.   A court may reconsider its own order. See C.D. Cal. L.R. 7-18.

24 | Reconsideration of a court's order is an extraordinary remedy and should

25 | be used sparingly. *Kona Enters., Inc v. Estate of Bishop*, 229 F.3d 877, 890

26 | (9th Cir. 2000).

27 | 11.   "In this district, motions for reconsideration are governed by Local

28 | Rule 7-18, which states: '[a] motion for reconsideration of the decision on

Susan Schofield  v. County of Los Angeles, et al.   PG. 3          Case No: 2:22-cv-04332-JGB (AS)

**MEMORANDUM OF POINTS AND AUTHORITIES**

1  any motion may be made only on the grounds of (1) a material difference
2  in fact or law from that presented to the Court before such decision that
3  in the exercise of reasonable diligence could not have been known to the
4  party moving for reconsideration at the time of such decision, or (b) the
5  emergence of new material facts or a change of law occurring after the
6  time of such decision, or (c) a manifest showing a failure to consider
7  material facts presented to the Court before such decision.'" *Milton H.*
8  *Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F.Supp.2d 1152, 1162
9  (C.D. Cal. 2008) (quoting C.D. Cal. L.R. 7-18); see Fed.R.Civ.P. 54(b).

10      12.  Furthermore, "[n]o motion for reconsideration shall in any manner
11  repeat any oral or written argument made in support of or in opposition to
12  the original motion," C.D. Cal. L.R. 7-18, and "a motion for reconsideration
13  may not be made on the grounds that a party disagrees with the Court's
14  application of legal precedent," *Pegasus Satellite Television, Inc. v.*
15  *DirecTV, Inc.*, 318 F.Supp.2d 968, 981 (C.D. Cal. 2004). Finally, "[w]hether to
16  grant a motion for reconsideration under Local Rule 7-18 is a matter within
17  the court's discretion." *Milton H. Greene*, 568 F.Supp.2d at 1162.

18
19  » **ARGUMENT**

20      13.  Plaintiff respectfully attaches **Notice of Errata** and **Exhibit A** to
21  include new information of material fact, "that presented to the Court
22  before such decision that in the exercise of reasonable diligence could not
23  have been known to the party moving for reconsideration at the time of
24  such decision." *Milton H. Greene*, 568 F.Supp.2d at 1162.

25      14.  In this case, Plaintiff did not know that she could allege new
26  allegations in the Opposition and believed the elements could be cured
27  through an amended Complaint. (See further, Notice of Errata at ¶ 3-9).

28

Susan Schofield  v. County of Los Angeles, et al.    PG. 4          Case No: 2:22-cv-04332-JGB (AS)

MEMORANDUM OF POINTS AND AUTHORITIES

A  Plaintiff's Complaint is Not Untimely

15.   Plaintiff argues that her Complaint is not untimely as to Defendant Menke in consideration of the new information of material fact included in Exhibit A to this motion.

16.   Defendant Menke argues, among other things, that the Complaint is untimely. (Motion at 8-9). On September 14, 2022, the Court granted Defendant Menke's Motion to Dismiss on the basis of: (1) Plaintiff's federal constitutional claim against Defendant Menke is time-barred; and (2) Plaintiff's potential state-law legal malpractice claim against Defendant Menke is time-barred. (Recommendation at 6:8-11:16).

17.   A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action. *Kimes v. Stone*, 84 F. 3d 1121, 1128 (9th Cir. 1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)).

18.   As noted by this Court, "Plaintiff's claim against Defendant Menke arises from Defendant Menke's representation of Plaintiff before and the initial adjudication hearing. Defendant Menke's representation of Plaintiff began on March 13, 2019 (Defendant Menke's Request for Judicial Notice Exh. A) and, as Plaintiff concedes, Defendant Menke's representation of Plaintiff ended when the initial adjudication decision was rendered on August 5, 2019. (Defendant Menke's Request for Judicial Notice Exhs. D-E; Opposition at 6). By August 27, 2019, Plaintiff was represented by new counsel. (Defendant Menke's Request for Judicial Notice Exh. F)." (Recommendations at 7:1-10).

19.   However, Plaintiff did not know, or did not have reason to know, of Defendant Menke's actionable conduct until December 2021 after Defendant Menke stopped representing Plaintiff and new counsel appeared on Plaintiff's behalf when Plaintiff was able to review the records

Susan Schofield v. County of Los Angeles, et al.   PG. 5              Case No: 2:22-cv-04332-JGB (AS)

MEMORANDUM OF POINTS AND AUTHORITIES

1   (May 2021), began to ask questions after the review of records (July 2021)

2   and knew (December 2021) that Defendant Menke had violated Plaintiff's

3   rights. See Exhibit A at ¶ 4-14.

4       20.   In addition, due to the COVID-19 pandemic, the Judicial Council of

5   California promulgated Emergency Rule 9, which "broadly" tolled any

6   statutes of limitations for a civil cause of action that exceeds 180 days,

7   from April 6, 2020 to October 1, 2020. See *Palacios v. Interstate Hotels &*

8   *Resorts Inc.*, No. 21-cv05799-TSH, 2021 U.S. Dist. LEXIS 169334, at *6–7 (N.D.

9   Cal. Sep. 7, 2021) (citing Judicial Council of Cal. Emergency Rule 9 &

10  Advisory Committee Comment).

11      21.   Moreover, Plaintiff suffers from bipolar disorder II and lacked the

12  legal capacity to make decisions until she began working with Marissa

13  Hernandez, Plaintiff's parent advocate, to help calm Plaintiff to rationally

14  process the damages that she's suffered as a result of Defendants' actions.

15  See Complaint at paragraphs 70-71 and Exhibit A at paragraph 13.

16

17          **B**  This Case Should Proceed with Defendant Menke on the Merits

18      22.   Plaintiff argues this case should proceed with Defendant Menke on

19  the merits with leave to amend and not be dismissed on the basis of

20  procedural grounds where Plaintiff is a pro se litigant and lacking

21  experience in the practice of law.

22      23.   Many motions to dismiss or to strike can be avoided if the parties

23  confer in good faith (as required by Local Rule 7-3), especially for perceived

24  defects in a complaint, answer, or counterclaim that could be corrected by

25  amendment. See *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a

26  motion to dismiss is granted, a district court should provide leave to amend

27  unless it is clear that the complaint could not be saved by any amendment).

28      24.   As noted in Defendant Menke's Motion to Dismiss, defense

Susan Schofield v. County of Los Angeles, et al.   PG. 6          Case No: 2:22-cv-04332-JGB (AS)

MEMORANDUM OF POINTS AND AUTHORITIES

counsel reached out to Plaintiff via telephone to discuss the defects in her Complaint against Menke. The communications with Schofield continued over the course of the few days, but the parties did not reach agreement that would remove the need for the instant motion. (Motion to Dismiss 5:4-5:8). However, at this time, defense counsel denied Plaintiff's attempt to review further allegations that would cure the defects as shown through Exhibit A to this motion.

25.    Plaintiff argues that this Court should provide leave to amend as it is not clear that the Complaint could not be saved by any amendment.

## » CONCLUSION

26.    For these reasons, Plaintiff respectfully asks this Court to reconsider the orders made on Docket Nos. 46-47 and to Grant in part Defendant Menke's Motion to Dismiss with leave for Plaintiff to amend the Complaint.

**SUSAN SCHOFIELD**

PRO SE LITIGANT

DATED: NOVEMBER 7, 2022

**SUSAN SCHOFIELD**

PRO SE LITIGANT

Susan Schofield  v. County of Los Angeles, et al.    PG. 7                    Case No: 2:22-cv-04332-JGB (AS)

MEMORANDUM OF POINTS AND AUTHORITIES

**SUSAN SCHOFIELD**

25001 Magic Mountain Pkwy. #620

Valencia, CA. 91355

(661) 857-2120

PLAINTIFF IN PRO PER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SCHOFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.<br><br>Defendants. | Case No: 2:22-cv-04332-JGB (AS)<br><br>**NOTICE OF ERRATA**<br><br>**HEARING DATE:**<br>**HEARING TIME:**<br>**JUDGE:** Hon. Alka Sagar<br>**PLACE:** Courtroom 540 |

» **INTRODUCTION**

   1.   I, Susan Schofield ("Plaintiff"), file this NOTICE OF ERRATA to include the reason why I did not include new allegations that were not asserted in the original complaint in the Opposition to Defendant Menke's Motion to Dismiss.

» **BACKGROUND**

   2.   On September 14, 2022, this Court granted Defendant Menke's

Susan Schofield v. County of Los Angeles, et al.   PG. 1          Case No: 2:22-cv-04332-JGB (AS)

NOTICE OF ERRATA

1   Motion to Dismiss, recommending that the District Court issue an Order:
2   (1) approving and accepting this Report and Recommendation; (2)
3   GRANTING Defendant Menke's Request for Judicial Notice (Docket No. 39-
4   3); and (3) GRANTING Defendant Menke's Motion (Docket No. 39) and
5   dismissing Plaintiff's Complaint with prejudice with respect to Defendant
6   Menke. ("Recommendations" Docket. No. 47).

7

8   » **NOTICE OF ERRATA**

9       3.   On the Recommendations the Court noted that I did not identify
10  Defendant Menke's title or role in the wrongful action, only that Defendant
11  Menke is believed by Plaintiff to be a resident of the County of Los Angeles;
12  that Defendant Menke "knowingly, intentionally, and voluntarily
13  collaborated with the remaining defendants in effectuating their unlawful
14  scheme/plan to keep plaintiff's children from [my] care, custody, and
15  control for as long as possible" (Complaint at 33); and that Defendant
16  Menke's actions were "undertaken in direct breach of her fiduciary duties
17  to her client, plaintiff" (Complaint at 33). (Recommendations 2:19-3:2).

18      4.   Before this Court issued its Recommendation in Docket Nos. 46-47,
19  I thought that I would have the opportunity in an amended Complaint to
20  include factual allegations as it directly related to Defendant Menke.

21      5.   Based on information and belief, I didn't know that I could include
22  new factual allegations that were not already alleged in the Complaint
23  through an Opposition to a Motion to Dismiss.

24      6.   For these reasons, I didn't know it would be possible to argue
25  against the time-bar challenge without a leave to amend with new factual
26  allegations, as I am doing so through the attached Exhibit A.

27      7.   To supplement my belief of the inability to include new factual
28  allegations, I argued a request for leave to amend. See Opposition at 8:8-

---

Susan Schofield v. County of Los Angeles, et al.   PG. 2          Case No: 2:22-cv-04332-JGB (AS)

**NOTICE OF ERRATA**

9:3.

8.    Moreover, I didn't know there would be a difference between a *paid* pro se litigant in comparison to a pro se litigant proceeding in forma pauperis. Whereas a forma pauperis pro se litigant would have been granted leave to amend if at all possible to cure the defects.

9.    Had I have known otherwise, then I would have attached an Exhibit A, as I am doing so in this Motion to Reconsider to show that it is possible to cure the defects.

## » CONCLUSION

10.    For these reasons, I ask this Court to Grant my Motion to Reconsider supported by my Memorandum of Points and Authorities.

**SUSAN SCHOFIELD**
PRO SE LITIGANT

**DATED**: NOVEMBER 7, 2022

**SUSAN SCHOFIELD**
PRO SE LITIGANT

Susan Schofield  v. County of Los Angeles, et al.    PG. 3          Case No: 2:22-cv-04332-JGB (AS)

**NOTICE OF ERRATA**

**SUSAN SCHOFIELD**

25001 Magic Mountain Pkwy. #620

Valencia, CA. 91355

(661) 857-2120

PLAINTIFF IN PRO PER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SCHOFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.<br><br>Defendants. | Case No: 2:22-cv-04332-JGB (AS)<br><br>**EXHIBIT A**<br><br>**HEARING DATE:**<br>**HEARING TIME:**<br>**JUDGE:** Hon. Alka Sagar<br>**PLACE:** Courtroom 540 |

**EXHIBIT A**

**EXHIBIT A**

## » FACTUAL ALLEGATIONS

1.   Defendant Laura Menke ("Defendant Menke") acted as the Court-appointed attorney for Susan Schofield ("Plaintiff") in an underlying Los Angeles County Juvenile Dependency Court case wherein Plaintiff's two minor children were removed from her custody.

2.   On March 6, 2019, DCFS initiated the Underlying Action by filing a protective custody warrant seeking authorization to remove Plaintiff's children from her custody. (Complaint at ¶24.)

3.   That same day, the Los Angeles County Juvenile Dependency Court found that it had jurisdiction over the children and issued a warrant that authorized DCFS to remove the children from Plaintiff's custody. (*Id.* at ¶45.) Thereafter, DCFS removed the children from Plaintiff's custody. (Id. at ¶57.)

4.   In March 2019, Defendant Menke was appointed to act as legal counsel for Plaintiff in the Underlying Action at the Detention Hearing.

5.   At this first hearing, Defendant Menke waived Plaintiff's rights without notice, information, or consent.

6.   This was also the case in many other cases including the case of Marissa Hernandez ("Marissa") (Case No. 2:21-cv-07858-PA (JC)). The *first* attorney representing Marissa, Marcellus Glasper ("Glasper") also waived her rights at the Detention Hearing without notice, information, or consent. (See Marissa's Fourth Amended Complaint at ¶114, filed in this Court on November 11, 2022).

7.   On August 9, 2019, Plaintiff asked Defendant Menke for all of the evidence against her. On that same date, Defendant Menke responded by indicating that she would not provide the requested evidence filed in the juvenile court.

8.   Likewise, Glasper also never provided Marissa with the social

**EXHIBIT A**

1  workers' records that were filed in support of the protective custody
2  warrant and Marissa's Detention Hearings. Moreover, the attorney never
3  informed Marissa of her rights and instead told her she had no
4  constitutional rights in the juvenile court. (See Marissa's Fourth Amended
5  Complaint at ¶114, filed in this Court on November 11, 2022).

6      9.   The adjudication hearing decision (on or around August 2, 2019)
7  marked the end of Defendant Menke's representation of Plaintiff who was
8  thereafter represented by a different attorney.

9      10.  On or around May 2021, Plaintiff received all the records from the
10  juvenile court proceedings during the time that Defendant Menke was the
11  court appointed attorney for Plaintiff. These records including the
12  transcripts and all of the filings submitted to the juvenile court by DCFS
13  which included thousands of documents.

14     11.  On or around July 29, 2021, Plaintiff began to question how it was
15  possible for her children to continue to be removed after reviewing the
16  entire record. Plaintiff asked one of the following attorneys (Maia Spotts)
17  if Defendant Menke submitted relevant evidence to the juvenile court. (See
18  Exhibit B). At this time, Maia did not respond with any information that
19  could clarify the meaning of the continued removal as a result of what was
20  done by Defendant Menke.

21     12.  On or around December 2021, Plaintiff began to ask her current
22  court appointed attorney, Farhan, about the same questions that were
23  directed to Maia Spotts. On or around December 9, 2021, Farhan indicated
24  that it was the errors and omissions by Defendant Menke that resulted in
25  his inability to overcome the damage that was done, in that, he was unable
26  to argue the perjured testimony by Defendant Thomas which resulted in
27  the initial and continued removal over J.S. and B.S. (See Exhibit C).

28     13.  It was at that point when (1) Farahan had informed Plaintiff of this

Susan Schofield  v. County of Los Angeles, et al.   PG. 3          Case No: 2:22-cv-04332-JGB (AS)

**EXHIBIT A**

1  new information (Dec 2021) *and* (2) consistent behavior by other court
2  appointed attorneys assigned to other parents (Nov 2021, see Comp. 70-73)
3  that Plaintiff knew that Defendant Menke  knowingly, intentionally, and
4  voluntarily collaborated with the remaining defendants in effectuating
5  their unlawful scheme/plan to keep Plaintiff's children from her care,
6  custody, and control for as long as possible and that Defendant Menke's
7  actions were undertaken in direct breach of her fiduciary duties to her
8  client, Plaintiff.

9     14.  "B.S. *continues* to suffer severe mental and physical health
10 deterioration while under the care, custody, and control of DCFS without
11 a reasonable basis to continue the removal" (Complaint at ¶58, emphasis
12 added.) as a result.

13
14
15
16                                                **SUSAN SCHOFIELD**
17                                                PRO SE LITIGANT
18
19
20  **DATED**: NOVEMBER 7, 2022
21                                                **SUSAN SCHOFIELD**
22                                                PRO SE LITIGANT
23
24
25
26
27
28

Susan Schofield  v. County of Los Angeles, et al.   PG. 4          Case No: 2:22-cv-04332-JGB (AS)

EXHIBIT A

1  **SUSAN SCHOFIELD**

2  25001 Magic Mountain Pkwy. #620

3  Valencia, CA. 91355

4  (661) 857-2120

5  PLAINTIFF IN PRO PER

6

7  # UNITED STATES DISTRICT COURT

8  # CENTRAL DISTRICT OF CALIFORNIA

9

10

11  SUSAN SCHOFIELD, an          Case No: 2:22-cv-04332-JGB (AS)

12  individual,

13          Plaintiff,          **EXHIBIT B**

14

15          v.

16  COUNTY OF LOS ANGELES, et al.   Re: Plaintiff's Motion to Reconsider

17          Defendants.

18

19

20                      **EXHIBIT B**

21

22

23

24

25

26

27

28

Susan Schofield  v. County of Los Angeles, et al.   PG. 1          Case No: 2:22-cv-04332-JGB (AS)

**EXHIBIT B**

Gmail - Indicated Versus FACT

 **Gmail**                                    Susan Schofield <susandschofield@gmail.com>

## Indicated Versus FACT

**Susan Schofield** <susandschofield@gmail.com>                          Thu, Jul 29, 2021 at 2:10 PM
To: "Spotts, Maia" <spottsm@ladlinc.org>, Cory Cabana <copa120663@gmail.com>, Hadassah Foster
<Hadassah@handhassociatesusa.com>
Cc: "Lakisha L. Ri'chard" <Lakisha.Ri'chard@harborrc.org>
Bcc: Melinda Rockwell-Burnside <scorpio.red@gmail.com>, Dena Gittisarn <denacds@gmail.com>, Joyce Thomas
<jothomas111@yahoo.com>

If RELEVANT Evidence had been submitted (not by you), but by Laura Menke and Dennis Smeal... and/or submitted by
Jane Winer my Appellate Attorney Bodhi would never have had to go through any of this in the first place.

Susan

[Quoted text hidden]

1  **SUSAN SCHOFIELD**
2  25001 Magic Mountain Pkwy. #620
3  Valencia, CA. 91355
4  (661) 857-2120
5  PLAINTIFF IN PRO PER
6
7          UNITED STATES DISTRICT COURT
8          CENTRAL DISTRICT OF CALIFORNIA
9
10
11  SUSAN SCHOFIELD, an            Case No: 2:22-cv-04332-JGB (AS)
12  individual,
13          Plaintiff,            **EXHIBIT C**
14
15       v.
16  COUNTY OF LOS ANGELES, et al.   Re: Plaintiff's Motion to Reconsider
17          Defendants.
18
19
20                  **EXHIBIT C**
21
22
23
24
25
26
27
28

 Gmail

**Susan Cabana <susandcabana@gmail.com>**

## Your Case

**Farhan Ali** <alif@ladlinc.org>                                      Thu, Dec 9, 2021 at 7:39 PM
To: Susan Cabana <susandcabana@gmail.com>

Ms. Schofield:

Good evening.

So, as I'm sure you're well aware, I was not your attorney at that time for the initial detention hearing for which you are citing CRC 5.674. I was also not your hearing at the .26 hearing. I cannot speculate as to what your attorney at the time may or may not have been thinking. I do not want to speculate as to what your attorney's analysis was RE the evidence that you state was available at the time because as of today, speculation is not a fruitful use of both our time. I will emphasize to you again that the time to appeal what happened at the time of the detention hearing and the subsequent



| | |
|---|---|
| **From:** | CACD Civil Intake <no-reply@cacd.uscourts.gov> |
| **Sent:** | Tuesday, November 8, 2022 4:54 PM |
| **To:** | ASChambers |
| **Subject:** | Filing information (EDSS) - Case #: 2:22-cv-04332-JGB (AS) |
| **Attachments:** | Memorandum of Points and Authorities in Support of Motion to Reconsider and Objection.pdf; Exhibit A.pdf; (PROPOSED) ORDER.pdf; Notice of Errata.pdf; Exhibit B.pdf; Plaintiff's Objection.pdf; Notice of Motion to Reconsider.pdf; Declaration.pdf; Exhibit C.pdf |

**Name:** Susan Schofield
**Tracking Number:** EDS-221107-000-5865
**Date of Submission:** 11/7/2022 9:49:20 PM

Uploaded files:

- **Memorandum of Points and Authorities in Support of Motion to Reconsider and Objection.pdf**
- **Exhibit A.pdf**
- **(PROPOSED) ORDER.pdf**
- **Notice of Errata.pdf**
- **Exhibit B.pdf**
- **Plaintiff's Objection.pdf**
- **Notice of Motion to Reconsider.pdf**
- **Declaration.pdf**
- **Exhibit C.pdf**