UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SCHOFIELD, an individual,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>COUNTY OF LOS ANGELES, et al.<br><br>　　　　Defendants. | Case No.: 2:22-CV-04332-JGB (AS)<br><br>~~PROPOSED~~ ORDER TO EXCHANGE AGENCY FILES AND FOR PROTECTIVE ORDER |

For good cause appearing, and pursuant to the Stipulation of the parties, the Court hereby orders as follows:

The parties herein are permitted to disclose the portions of the juvenile case files that are within their possession and control.

A) Within 90 days of the execution of this Plaintiff will produce all of the documents within her possession, custody, or control pertain to J.S. and B.S. as identified in the complaint.  Within 90 days of the execution of this order, the Defendants will produce all of the DCFS agency files within their possession, custody, or control that are part of the juvenile case filed as defined by WIC §

PROPOSED ORDER TO EXCHANGE AGENCY FILES

- 1

827(e) and/or California Rules of Court 5.552(a), pertaining to J.S. and B.S. as identified in the complaint.

B) That the Parties agree, pursuant to the execution of this Court's order, the exchange of documents otherwise protected by the dependency court and WIC § 827 can be produced even absent an order from the dependency court.

C) That the documents exchanged among the Parties are still subject to the provisions of WIC § 827, in that the documents **may not be disseminated** other than to the plaintiff, Ms. Susan Schofield, and her experts, and to the Defendants and their counsel, Jennifer Gysler, as well as County Counsel, experts, mediators, and any witnesses if needed in this matter, so long as they are informed of the need for confidentiality and that they agree **not to disseminate** the records outside of this lawsuit.  Further, that such documents may be used at trial subject to any admissibility rulings by the Court, and that the documents are confidential and if filed with this Court will be filed under seal pursuant to the federal court rules and local rules.

D) That the documents produced by the Parties will include only those redactions supported by some privilege other than WIC § 827, which may include privacy rights applied to third party criminal history, the identity of individuals (other than any DCFS employee, and Plaintiff's family members, whose identities must be disclosed) reporting suspected abuse or neglect or foster parents, or identifying information for any minors not a party to the case, and to

communications protected by the attorney-client privilege. The Parties will serve privilege logs concurrent with the exchange of the documents, and which identified the ground(s) for all redactions. The Parties may submit any such documents to the Court for in-camera review if necessary to make a determination as to the validity of any redactions.

**IT IS SO ORDERED:**

DATED: March 6, 2024              _____/ s / Sagar_____
                                  Honorable Alka Sagar
                                  United States Magistrate Judge